# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Plaza Mariachi, LLC, | Case No. 3:24-bk-02441 |
| Debtor. | Judge Hon. Charles M. Walker |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: <u>MARCH 18, 2025</u>. IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: APRIL 23, 2025 AT 11:00 A.M., COURTROOM 2, 701 BROADWAY, NASHVILLE, TENNESSEE 37203 (Virtual Hearing if Allowed; See Court's Website for Details)**

## NOTICE OF MOTION TO APPROVE SECOND AGREED ORDER FOR USE OF CASH COLLATERAL

Plaza Mariachi, LLC (the "<u>Debtor</u>"), debtor and debtor-in-possession, has filed a motion asking the Court to approve the *Second Agreed Order Approving Use Of Cash Collateral And Granting Related Relief* (the "<u>Agreed Order</u>") authorizing the Debtor to use cash collateral through April 23, 2025 and providing for monthly adequate protection payments in the amount of $55,000 to be paid to First Financial Bank, N.A. Capital One Bank, National Association ("<u>Capital One</u>"), the only other creditor with an interest in the Debtor's cash collateral has consented to the entry of the Agreed Order.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the Court to grant the attached motion, or if you want the Court to consider your views on the motion, then on or before March 18, 2025 you or your attorney must:

1. File with the Court your response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at**: <https://ecf.tnmb.uscourts.gov>.**

If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 a.m. - 4:00 p.m.).

1

2. Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

3. You must serve your response or objection by electronic service through the Electronic Filing system described above. You must also mail a copy of your response to:

>Sean C. Wlodarczyk (TN SBN 30410)
>EVANS, JONES & REYNOLDS, PC
>401 Commerce Street, Suite 710
>Nashville, TN 37219
>Email: Swlodarczyk@ejrlaw.com
>
>Todd A. Burgess (AZ SBN 019013) (Admitted *Pro Hace Vice*)
>Janel M. Glynn (AZ SBN 025497) (Admitted *Pro Hace Vice*)
>THE BURGESS LAW GROUP
>3131 E. Camelback Road, Suite 224
>Phoenix, AZ 85016
>todd@theburgesslawgroup.com
>janel@theburgesslawgroup.com
>
>United States Trustee's Office
>701 Broadway, Suite 318
>Nashville, TN 37203
>ustpretion08.na.ecf@usdoj.gov

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>. You may also view the guidelines for when Virtual Participation is allowed on the court's website.

If you or your attorney does not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated this 3rd day of March, 2025.

>Respectfully Submitted,
>
>By: */s/Todd A. Burgess, Esq.*
>Todd A. Burgess (AZ SBN 019013)
>(Admitted *pro hace vice*)
>Janel M. Glynn (AZ SBN 025497)
>(Admitted *pro hace vice*)

2

THE BURGESS LAW GROUP
3131 E. Camelback Road, Suite 224
Phoenix, AZ 85016
Tel. 602-806-2100
Email: todd@theburgesslawgroup.com
Email: janel@theburgesslawgroup.com
*Bankruptcy Counsel for the Debtor*

Sean C. Wlodarczyk (TN SBN 30410)
EVANS, JONES & REYNOLDS, PC
401 Commerce Street, Suite 710
Nashville, TN 37219
P: (615) 259-4685
F: (615) 256-4448
Email: Swlodarczyk@ejrlaw.com
*Local Counsel for Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re:<br><br>Plaza Mariachi, LLC,<br><br><br>Debtor. | Chapter 11<br><br>Case No. 3:24-bk-02441<br><br>Judge Hon. Charles M. Walker |

## MOTION TO APPROVE SECOND AGREED ORDER FOR USE OF CASH COLLATERAL

Plaza Mariachi, LLC ("Debtor"), debtor and debtor-in-possession, hereby moves this Court for entry of an order, pursuant to 11 U.S.C § 363(c)(2), Fed.R.Bankr.P. 4001(d), and LBR 4001-1(g), approving the *Second Agreed Order Approving Use Of Cash Collateral And Granting Related Relief* (the "Agreed Order") stipulated and agreed to by the Debtor, First Financial Bank, N.A. ("FFB"), and Capital One, National Association ("Capital One"). The Agreed Order authorizes the Debtor to use cash collateral through April 23, 2025, in accordance with the approved budget, attached to the Agreed Order, and provides for monthly adequate protection payments in the amount of $55,000 to be paid to FFB. The Agreed Order is attached hereto as Exhibit A, and is incorporated herein by this reference.

In further support of this Motion, the Debtor represents as follows:

### BACKGROUND AND JURISDICTION

4

1. On July 1, 2024, (the "Petition Date"), Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor remains in possession of its property and is managing its affairs as a debtor-in-possession. No Trustee, examiner, or committee of unsecured creditors has been appointed.

3. The Debtor is a single asset real estate debtor within the meaning of 11 U.S.C. § 101(51B).

4. The Debtor owns two separate legal parcels, one commonly referred to as Plaza Mariachi, and one commonly referred to as The Shops at Plaza Mariachi, located at 3955 Nolensville Pike, Nashville, TN 37211 (collectively, the "Property").

5. The Debtor leases the Property to a non-debtor affiliate, PM Realty Nashville, LLC, pursuant to a Master Lease Agreement, dated January 27, 2016. The term of the lease is 40 years and does not expire until 2056. The monthly lease payment is $79,500.

6. FFB Interest in Cash Collateral. Secured creditor FFB was owed approximately $8,204,431.52 as of the Petition Date, secured by a first position Deed of Trust, Assignment of Rents and Security Agreement, dated September 29, 2015, recorded against the Property at Instrument 20151109-011375. All rents and profits generated by the Debtor from the Property are cash collateral of FFB within the meaning of 11 U.S.C 363(a).

7. Stipulation to FFB Liens. Under the terms of the Agreed Order, the Debtor stipulates to the perfection, extent, validity and priority of FFB's Deed of Trust,

5

Assignment of Rents and Security Agreement with respect to the Property. The Debtor and Capital One reserve their respective rights and remedies with respect to the amounts of the FFB claim(s) that FFB may assert, including, without limitation, with respect to any post-petition default rate interest, attorneys' fees and costs claimed by FFB.

8. <u>Capital One Interest in Cash Collateral.</u> Secured creditor Capital One was owed approximately $6,691,839.16 as of the Petition Date, secured by, among other things, a junior Deed of Trust, dated October 3, 2019, recorded against the Property at Instrument 20191021-0107414, and a junior Assignment of Leases and Rents, dated October 3, 2019, recorded against the Property at Instrument 20191021-0107417. All rents and profits generated by the Debtor from the Property are cash collateral of Capital One within the meaning of 11 U.S.C 363(a).

9. <u>Stipulation to Capital One Liens.</u> Under the terms of the Agreed Order, the Debtor has stipulated to the perfection, extent, validity and priority of Capital One's junior Deed of Trust and junior Assignment of Rents with respect to the Property. The Debtor reserves its rights and remedies with respect to the amounts of the Capital One claim(s) that Capital One may assert, including, without limitation, with respect to any post-petition interest, attorneys' fees and costs claimed by Capital One.

10. To the best knowledge of the Debtor, no other creditor other than FFB or Capital One has or claims an interest in the cash collateral.

11. On November 22, 2024, the Court entered the *Agreed Order Approving Use of Cash Collateral and Granting Related Relief* [Dkt. 78] (the "<u>First Agreed Order</u>").

6

Case 3:24-bk-02441    Doc 93    Filed 03/03/25    Entered 03/03/25 18:23:59    Desc Main
Document    Page 6 of 18

12. Pursuant to the First Agreed Order, FFB and Capital One consented to the Debtor's use of cash collateral, in accordance with the Monthly Budget attached as <u>Exhibit A</u> to the Agreed Order, through January 31, 2025.

13. <u>Use of Cash Collateral.</u> Pursuant to the terms of the current Agreed Order, FFB and Capital One agree to the Debtor's continued use of cash collateral in accordance with the Monthly Budget attached hereto as <u>Exhibit A</u> from February 1, 2025 through April 23, 2025.

14. <u>Adequate Protection Payments.</u> Effective February 1, 2025 through April 23, 2025, the Debtor agrees to make monthly adequate protection payments to FFB in the amount of $55,000 (the "<u>FFB AP Payments</u>"), in lieu of the monthly interest only payments. The FFB AP Payments shall be due on or before the 10th day of each month.

15. <u>Forbearance.</u> In consideration of the parties' agreement, the FFB AP Payments, and the additional covenants and agreements set forth in the Agreed Order, FFB has agreed to forbear from taking any of the following actions in the Debtor's bankruptcy case through April 23, 2025: moving for stay relief, conversion or dismissal of the bankruptcy case, or the appointment of a trustee or examiner.

16. If the Debtor fails to timely make any FFB AP Payment, or to perform the additional covenants and agreements set forth herein, and such failure is not cured within ten (10) days, FFB's obligation to forbear shall terminate, and FFB shall be free to exercise any of its rights or remedies against the Debtor in the Bankruptcy Case, subject to appropriate notice and a hearing; and the Debtor, Capital One, and any other party-in-interest shall have the right to oppose any relief sought by FFB.

17. The Debtor also has agreed to arrange bi-weekly calls with the Debtor's broker, Colliers International, which may be attended by the Debtor, FFB, Capital One, and their respective counsel, to provide updates regarding the Debtor's efforts to sell The Shops at Plaza Mariachi.

18. Except as expressly stated in the Agreed Order, all parties reserve all of their respective rights, remedies, claims and defenses with respect to all matters.

19. <u>Necessity of Relief Requested.</u> The ability of the Debtor to cover the costs of its operations and complete a successful Chapter 11 requires the use of cash collateral. Without use of cash collateral, the Debtor's estate would suffer substantial harm as the Debtor's administrative costs for insurance and professional fees could not be paid.

20. <u>Notice.</u> The Debtor asserts that FFB and Capital One are the only parties with an interest in the Debtor's cash collateral. Because FFB and Capital One both consent to the relief sought herein, notice and a hearing is not required pursuant to 11 U.S.C. § 363(c)(1). Notwithstanding the foregoing, and out of an abundance of caution in the event another party asserts an interest in the Debtor's cash collateral, notice of the motion and the Agreed Order is being provided to all creditors and interested parties on 14 days' negative notice during which time any party has an opportunity to file an objection, and in such case the Court will conduct a hearing on the relief requested herein.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Agreed Order.

Dated: March 3, 2025.

Respectfully Submitted,

Plaza Mariachi, LLC, Debtor-in-Possession

By: */s/Todd A. Burgess, Esq.*
    Todd A. Burgess (AZ SBN 019013)
    (Admitted *pro hace vice*)
    Janel M. Glynn (AZ SBN 025497)
    (Admitted *pro hace vice*)
    THE BURGESS LAW GROUP
    3131 E. Camelback Road, Suite 224
    Phoenix, AZ 85016
    Tel. 602-806-2100
    Email: todd@theburgesslawgroup.com
    Email: janel@theburgesslawgroup.com
    *Bankruptcy Counsel for the Debtor*

    Sean C. Wlodarczyk (TN SBN 30410)
    EVANS, JONES & REYNOLDS, PC
    401 Commerce Street, Suite 710
    Nashville, TN 37219
    P: (615) 259-4685
    F: (615) 256-4448
    Email: Swlodarczyk@ejrlaw.com
    *Local Counsel for Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *NOTICE OF MOTION TO APPROVE AGREED ORDER FOR USE OF CASH COLLATERAL* was filed electronically on March 3, 2025.

On March 4, 2025, notice of this filing will be given via First Class U.S. Mail, pursuant to 11 U.S.C § 363(c)(2), Fed.R.Bankr.P. 4001(d), and LBR 4001-1(g), to the United States Trustee and all creditors and interested parties on the Debtor's most up-to-date Master Mailing List, and a certificate of service will be filed.

/s/Todd A. Burgess, Esq.  
Counsel for Debtor

# EXHIBIT A

## SECOND AGREED ORDER APPROVING USE OF CASH COLLATERAL AND GRANTING RELATED RELIEF

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re:<br><br>Plaza Mariachi, LLC,<br><br><br><br>Debtor. | Chapter 11<br><br>Case No. 3:24-bk-02441<br><br>Judge Hon. Charles M. Walker |

**SECOND AGREED ORDER APPROVING USE OF CASH COLLATERAL AND GRANTING RELATED RELIEF**

THIS MATTER COMES BEFORE THE COURT pursuant to the *Second Motion to Approve Entry of Agreed Order Approving Use of Cash Collateral and Granting Related Relief* (the "Motion") filed by debtor-in-possession Plaza Mariachi, LLC ("Debtor"). Pursuant to the Motion, 11 U.S.C. §§ 363(a) and (c)(2), Fed.R.Bankr.P. 4001(b), and LBR 9013-1, the Debtor asks the Court to enter this order (the "Agreed Order") setting forth the stipulation and agreement of the Debtor, secured creditor First Financial Bank, N.A.

12

("FFB"), and secured creditor Capital One, National Association ("Capital One") regarding the Debtor's use of cash collateral, adequate protection and related relief. As evidenced by the signatures of their respective counsel below, the Debtor, FFB and Capital One have stipulated and agreed to the entry of this Agreed Order, all findings stated herein, and all relief granted hereby. It appears that notice of the Motion was properly given pursuant to all applicable bankruptcy rules and that no objections were filed. Based on all of the foregoing, and good cause appearing,

THE COURT FINDS AND CONCLUDES as follows:

A. On July 1, 2024, (the "Petition Date"), Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

B. Debtor is in possession of its property and is managing its affairs as debtor-in-possession. No Trustee, examiner, or committee of unsecured creditors been appointed.

C. The Debtor is a single asset real estate debtor within the meaning of 11 U.S.C. § 101(51B).

D. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2). To the extent necessary, the Debtor, FFB and Capital One consent to the Court entering a final order with respect to this matter.

E. The Debtor owns Plaza Mariachi and The Shops at Plaza Mariachi located at 3955 Nolensville Pike, Nashville, TN 37211 (the "Property").

F. The Debtor leases the Property to a non-debtor affiliate, PM Realty Nashville, LLC ("PM Realty"), pursuant to a Master Lease Agreement, dated January 27, 2016. The monthly lease payment is $79,500.

13

G. Secured creditor FFB was owed approximately $8,204,431.52 as of the Petition Date, secured by a first position Deed of Trust, Assignment of Rents and Security Agreement, dated September 29, 2015, recorded against the Property at Instrument 20151109-011375. All rents and profits generated by the Debtor from the Property are cash collateral of FFB within the meaning of 11 U.S.C 363(a).

H. The Debtor stipulates to the perfection, extent, validity and priority of FFB's Deed of Trust, Assignment of Rents and Security Agreement with respect to the Property. The Debtor and Capital One reserve their respective rights and remedies with respect to the amounts of the FFB claim(s) that FFB may assert, including, without limitation, with respect to any post-petition default rate interest, attorneys' fees and costs claimed by FFB.

I. Secured creditor Capital One was owed approximately $6,691,839.16 as of the Petition Date, secured by, among other things, a junior Deed of Trust, dated October 3, 2019, recorded against the Property at Instrument 20191021-0107414, and a junior Assignment of Leases and Rents, dated October 3, 2019, recorded against the Property at Instrument 20191021-0107417. All rents and profits generated by the Debtor from the Property are cash collateral of Capital One within the meaning of 11 U.S.C 363(a).

J. The Debtor stipulates to the perfection, extent, validity and priority of Capital One's junior Deed of Trust and junior Assignment of Rents with respect to the Property. The Debtor reserves its rights and remedies with respect to the amounts of the Capital One claim(s) that Capital One may assert, including, without limitation, with respect to any post-petition interest, attorneys' fees and costs claimed by Capital One.

K. On November 22, 2024, the Court entered the *Agreed Order Approving Use*

*of Cash Collateral and Granting Related Relief* [Dkt. 78] (the "Agreed Order").

L. Pursuant to the Agreed Order, FFB and Capital One consented to the Debtor's use of cash collateral, in accordance with the Monthly Budget attached as Exhibit A to the Agreed Order, through January 31, 2025.

M. Pursuant to the terms of this Order, FFB and Capital One agree to the Debtor's continued use of cash collateral in accordance with the Monthly Budget attached hereto as Exhibit A from February 1, 2025 through April 23, 2025.

N. Effective February 1, 2025 through April 23, 2025, the Debtor agrees to make monthly adequate protection payments to FFB in the amount of $55,000 (the "FFB AP Payments"), in lieu of the monthly interest only payments. The FFB AP Payments shall be due on or before the 10th day of each month.

O. In consideration of the parties' agreement, the FFB AP Payments, and the additional covenants and agreements set forth herein, FFB agrees to forbear from taking any of the following actions in the Debtor's bankruptcy case through April 23, 2025: moving for stay relief, conversion or dismissal of the bankruptcy case, or the appointment of a trustee or examiner.

P. If the Debtor fails to timely make any FFB AP Payment, or to perform the additional covenants and agreements set forth herein, and such failure is not cured within ten (10) days, FFB's obligation to forbear shall terminate, and FFB shall be free to exercise any of its rights or remedies against the Debtor in the Bankruptcy Case, subject to appropriate notice and a hearing; and the Debtor, Capital One, and any other party-in-interest shall have the right to oppose any relief sought by FFB.

Q. The Debtor agrees to arrange bi-weekly calls with the Debtor's broker, Colliers International, which may be attended by the Debtor, FFB, Capital One, and their respective counsel, to provide updates regarding the Debtor's efforts to sell The Shops at Plaza Mariachi.

R. Except as expressly stated in this Agreed Order, all parties reserve all of their respective rights, remedies, claims and defenses with respect to all matters.

Based on all of the foregoing, and good cause appearing,

IT IS HEREBY ORDERED:

1. The agreement and stipulations of the Debtor, FFB and Capital One as reflected in ¶¶ A – R are hereby approved in all respects and incorporated herein as the order of the Court. The Debtor, FFB and Capital One are authorized to perform in accordance with the terms of this Agreed Order.

2. Subject to the terms and conditions stated in this Agreed Order, the Debtor is authorized to use cash collateral through April 23, 2025 in the amounts and for the purposes set forth in the attached Monthly Budget.

3. This Order shall be effective immediately and shall not be stayed for any length of time, notwithstanding Rule 6004, Federal Rules of Bankruptcy Procedure.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

STIPULATED, AGREED TO, AND APPROVED FOR ENTRY BY:

PLAZA MARIACHI, LLC

By: */s/ Todd A. Burgess*
   Todd A. Burgess (AZ SBN 019013) (*Admitted Pro Hace Vice*)

Janel M. Glynn (AZ SBN 025497) (*Admitted Pro Hace Vice*)
THE BURGESS LAW GROUP
3131 E. Camelback Road, Suite 224
Phoenix, AZ 85016
todd@theburgesslawgroup.com
janel@theburgesslawgroup.com
*Bankruptcy Counsel for the Debtor*

FIRST FINANCIAL BANK, N.A.

By: */s/Mark Bogdanowicz (with permission)*
    Mark Bogdanowicz
    SPENCER FANE LLP
    1000 Walnut, Suite 1400
    Kansas City, MO 64106
    mbogdanowicz@spencerfane.com
    *Attorneys for First Financial Bank, N.A.*

CAPITAL ONE, NATIONAL ASSOCIATION

By: */s/Robert P. Harris (with permission)*
    Robert P. Harris
    QUARLES & BRADY LLP
    One Renaissance Square
    Two North Central Avenue, Suite 600
    Phoenix, AZ 85004-2322
    Robert.harris@quarles.com
    *Attorneys for Capital One, National Association*

**EXHIBIT A**
**Monthly Budget**

| | |
|---|---|
| **Debtor's Monthly Rent** | $ 79,500.00 |
| | |
| **Debtor's Monthly Disbursements** | |
| Property Insurance | $ 3,500.00 |
| First Financial Bank | $ 55,000.00 |
| UST Fees (estimated) | $ 316.00 |
| Professional Fees (Carve-out) | $ 20,500.00 |
| Total | $ 79,316.00 |
| | |
| **Non-Debtor Guarantors' Monthly Payments** | |
| First Financial Bank | $ 35,000.00 |
| Capital One | $ 33,000.00 |
| Total | $ 68,000.00 |
| | |
| **Total Combined Monthly Payments to FFB** | $ 90,000.00 |
| **Total Monthly Payments to Capital One** | $ 33,000.00 |
| | |