IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| In re: | ) | Case No.: 24-02441 |
|---|---|---|
| PLAZA MARIACHI, LLC, | ) ) ) | Chapter 11 |
| Debtor. | ) ) | Judge Charles M. Walker |

**U.S. TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S NOTICE AND MOTION TO APPROVE: (I) SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS; (II) APPROVAL OF PAYMENT OF COMMISSION TO REAL ESTATE BROKER; AND (III) RELATED RELIEF**

**DEADLINE FOR FILING TIMELY RESPONSE: November 26, 2025**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: December 3, 2025 @11:00AM,** COURTROOM TWO, CUSTOMS HOUSE, 701 BROADWAY, NASHVILLE TN 37203

The U.S. Trustee for Region 8, through undersigned counsel, hereby sets forth its limited objection ("Objection") to the sale of Debtor's real property interests set forth in the *Notice and Motion to Approve: (I) Sale of Real Property Free and Clear of Liens, Claims and Interests; (II) Approval of Payment of Commission to Real Estate Broker; and (III) Related Relief* filed November 5, 2025 [Doc 158](the "Sale Motion"). In support of this Objection, the U.S. Trustee states as follows:

1. The U.S. Trustee has standing to bring this Objection pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

2. The U.S. Trustee does not object to the general relief requested in the Sale Motion being: the sale of the real property interests of the Debtor. The U.S. Trustee believes, based upon the information in its possession, that the sale proposed by the Debtor is an arm's length transaction for fair market value and proposed in good faith.

3. Notwithstanding the foregoing, the U.S Trustee has general concerns as to the adequacy of the disclosures contained within the Sale Motion, as well as the legal basis under 11 U.S.C. § 363(f) in support of the Sale Motion, to wit:

**Adequacy of Disclosure**

4. The Sale Motion references several specific Liens, Claims and Interests that purport to be secured by the Debtor's real property located at 3941 and 3955 Nolensville Pike, Nashville, Tennessee, and commonly known as "Plaza Mariachi" and "The Shops at Plaza Mariachi", respectively (collectively, the "Property"). These expressly identified Liens, Claims and Interests include: First Financial Bank, N.A. ("FFB"); Capital One Bank ("Capitol One"); and the Internal Revenue Service ("IRS") and State of Tennessee ("Tennessee") for unpaid taxes.

5. However, the Sale Motion only makes a generic statement with respect to "miscellaneous mechanic's liens and judgment liens" (See Sale Motion, Paragraph D.2) and does not name the actual parties who hold such mechanic's and/or judgment liens. While the Sale Motion does reference specific Proofs of Claim that were filed by such entities, as well as a Preliminary Title Report (See Sale Motion, Exhibit D) which identifies parties holding liens against the Property, the Sale Motion itself is otherwise silent with respect to the identification of these "miscellaneous" lien holders.

6. Additionally, the Sale Motion does not expressly state the order of priority with respect to the proceeds sale. While Section VI, Paragraph G.6 contains a bullet point list of those entitled to payment from the sale proceeds, it is unclear if the bullet point order is presented in order of priority of payment.

7. The U.S. Trustee believes the Sale Motion should expressly and clearly identify the names and dollar amount owed as to all secured parties claiming or holding a security interest

against the Property for the benefit of such lien holders, as well as all creditors and parties in interest. The Sale Motion should also clearly identify the order of priority of each party with a claim to the sale proceeds, as such information is or may be relevant to a party in determining how to protect its interests in the Debtor's assets.

8. Express identification of those parties the Debtor espouses hold valid secured claims against the Property serves two important purposes: (i) it clearly puts those parties on notice that a sale of the Property is pending approval and action on their part may be required to protect their interests; and (ii) it allows parties who believe they hold a security interest in the Property to verify their lien is recognized by the Debtor, and if not, to take action to protect their interests.

9. Accordingly, the U.S. Trustee believes the Sale Motion is deficient with respect to the adequacy of disclosures concerning the identification of parties directly affected by the proposed sale.

**Legal Basis in Support of Sale Pursuant to 11 U.S.C. § 363(f)**

10. The Sale Motion seeks to sell the Debtor's Property free and clear of all Liens, Claims and Interests utilizing 11 U.S.C. § 363(f) of the Bankruptcy Code.

11. The Sale Motion, on at least two separate occasions, expressly states that the sale proceeds will be greater than, and therefore sufficient to pay, all Liens, Claims and Interests in full, thereby satisfying the requirement of § 363(f)(3). (See Sale Motion, Section III, Paragraph F.17 and Section VI, Paragraph B.3). That said, the Debtor has not demonstrated with any certainty that the proceeds of the sale will be sufficient to pay all the secured Liens, Claims and Interests. And based upon discussions with Debtor's counsel, the U.S. Trustee believes it is possible that, upon a final accounting of amounts owed to FFB as first secured lender, there will not be sufficient

proceeds to pay all secured claims in full at closing. Accordingly, there is a basis to believe that the Debtor cannot rely on § 363(f)(3).

12. Notwithstanding the statements of the Debtor that the proposed sale of the Property free and clear of all Liens, Claims and Interests will pay all such claims in full, the Debtor nonetheless includes language within the Sale Motion and the proposed order attached as Exhibit A to the Sale Motion (the "Proposed Sale Order"), that also seeks to bless the sale of the Property free and clear by virtue of § 363(f)(2), which requires the "consent" of parties holding a security interest.

13. In invoking § 363(f)(2), the Debtor espouses that "Any creditor that does not object to the sale is deemed to have consented within the meaning of § 363(f)(2)." In other words, the Debtor is taking the position that consent under sub-section (f)(2) need not be affirmative, but implied from the inaction of a creditor.

14. The U.S. Trustee recognizes that there is disagreement among courts within the Sixth Circuit, as well as other jurisdictions, with respect to the concept of "implied consent" being deemed actual consent for purposes of sub-section (f)(2). However, the U.S. Trustee is persuaded that the proper interpretation of § 363(f)(2) requires an affirmative consent from the lien holder.

15. One of the leading cases in support of the U.S. Trustee position is that of *In re Roberts*, 249 B.R. 152 (W.D. Mich. 2000). The Roberts court interpreted § 363(f)(2) succinctly as follows:

> There is no indication within Section 363 itself or the underlying legislative history that Congress intended "consents" to have any meaning other than that which it is commonly understood to have. "Consent"…means "to give assent or approval". [The trustee] argument in reality is that "consents" and "fails to object" or synonymous. They are not. [Consent is] the unequivocally manifested affirmation of the proposed action…Consent obligates the trustee to approach the lienholder to secure the lienholder's assent if the trustee wishes to sell the property free and clear of the lien.

*In re Roberts,* 249 B.R. 152, 155. See also *In re Arch Hospitality, Inc.,* 530 B.R. 588, 591 (Bankr. W.D.N.Y. 2015)(unless justified by a different subdivision of section 363(f), a sale free and clear of an interest in property will require the consent of an interest holder.) *In re Flour City Bagels, LLC*, 557 B.R. 53, 85-86 (Bankr. W.D.N.Y. 2016)(The plain language of 11 U.S.C. § 363(f)(2) requires that the proponent of a sale free and clear of an interest in property to be sold obtain the consent of the holder of that interest.)

16. Accordingly, to the extent the sale of the Debtor's Property is not sufficient to pay all holders of a Lien, Claim or Interest in the Property in full, the U.S. Trustee reserves its objection to the proposed sale, including any finding or language within the Proposed Sale Order, unless the Debtor can demonstrate that it has obtained the affirmative consent of such holders of a Lien, Claim or Interest.

17. The U.S. Trustee also objects to language in the Proposed Sale Order, Paragraph I., that creates a finding by this Court that parties with Liens, Claim and Interests in or with respect to the Property can be compelled to accept a monetary satisfaction of their lien, claim or interest pursuant to 11 U.S.C. § 363(f)(5). The Debtor has requested no such relief within the confines of the Sale Motion, and even if such relief is implied, the Debtor has presented no evidence or argument to establish that it is entitled to such a finding. Accordingly, the U.S. Trustee requests this relief be denied.

WHEREFORE, the U.S. Trustee respectfully requests that the Court sustain its limited Objections to the Sale Motion.

Respectfully submitted,

PAUL RANDOLPH,
ACTING U.S. TRUSTEE, REGION 8

*/s/ Jeffrey S. Grasl*
JEFFREY S. GRASL
Trial Attorney for the U.S. Trustee
318 Customs House, 701 Broadway
Nashville, TN 37203
202-573-6964
jeffrey.s.grasl@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on November 24, 2025, a copy of the foregoing document was transmitted electronically to the parties consenting to electronic service in this case through the ECF system maintained by the United States Bankruptcy Court for the Middle District of Tennessee.

*/s/ Jeffrey S. Grasl*
Jeffrey S. Grasl, Trial Attorney